# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JEFF TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-606-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Jeff Taylor's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In 2010, Plaintiff applied for DIB and SSI, alleging disability beginning on May 16, 2010.[2] Plaintiff's

---

[1] *See* docket no. 7.

[2] *See* docket no. 13, Administrative Record ("Tr. ____") 154-162.

application was denied initially and upon reconsideration.[3] On March 31, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on March 20, 2012.[5] On April 11, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[6] On May 18, 2013, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On July 8, 2013, Plaintiff filed his complaint in this case, which was assigned to Judge Nuffer.[8] On July 10, 2013, Judge Nuffer referred the case to Magistrate Judge Warner under 28 U.S.C. § 636(b)(1)(B).[9] The Commissioner filed her answer and the Administrative Record on September 5, 2013.[10]

---

[3] *See* Tr. 52-53, 86-87.

[4] *See* Tr. 96-97.

[5] *See* Tr. 32-51.

[6] *See* Tr. 9-31.

[7] *See* Tr. 1-6.

[8] *See* docket no. 3.

[9] *See* docket no. 7.

[10] *See* docket nos. 11, 13.

Plaintiff filed his opening brief on November 7, 2013.[11] The Commissioner filed her answer brief on December 16, 2013.[12] Plaintiff filed his reply brief on January 14, 2014.[13]

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a

---

[11] *See* docket no. 16.

[12] *See* docket no. 18.

[13] *See* docket no. 21.

determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

4

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## **ANALYSIS**

In support of his claim that the Commissioner's decision should be reversed, Plaintiff presents fifteen separate numbered arguments. However, those arguments go to the following main issues: (1) medical opinions and evidence, (2) Plaintiff's testimony, (3) the ALJ's step two analysis, (4) the ALJ's step three analysis, and (5) the ALJ's step five analysis. The court will address those issues in turn.

### **I. Medical Opinions and Evidence**

With respect to the medical opinions and evidence, Plaintiff argues that the ALJ erred (A) in his treatment of the opinions of Plaintiff's treating physician, Dr. Barbara E. Rizzardi ("Dr. Rizzardi"); (B) in his treatment of the opinions of Dr. Richard Ingebretsen ("Dr. Ingebretsen"); (C) in his treatment of the opinions of Dr. John D. Hardy ("Dr. Hardy"); and (D) by failing to recontact Plaintiff's treating provider.

#### **A. Dr. Rizzardi**

Plaintiff argues that the ALJ erred his evaluation of the opinions Dr. Rizzardi.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically

5

> acceptable clinical and laboratory diagnostic techniques. If the
> answer to this question is "no," then the inquiry at this stage is
> complete. If the ALJ finds that the opinion is well[ ]supported, he
> must then confirm that the opinion is consistent with other
> substantial evidence in the record. If the opinion is deficient in
> either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to
> controlling weight, treating source medical opinions are still
> entitled to deference and must be weighed using all of the factors
> provided in [20 C.F.R. §§ 404.1527 and 416.927]. Those factors
> are: (1) the length of the treatment relationship and the frequency
> of examination; (2) the nature and extent of the treatment
> relationship, including the treatment provided and the kind of
> examination or testing performed; (3) the degree to which the
> physician's opinion is supported by relevant evidence; (4)
> consistency between the opinion and the record as a whole; (5)
> whether or not the physician is a specialist in the area upon which
> an opinion is rendered; and (6) other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth
> Circuit] case law, an ALJ must give good reasons . . . for the
> weight assigned to a treating physician's opinion . . . that are
> sufficiently specific to make clear to any subsequent reviewers the
> weight the adjudicator gave to the treating source's medical
> opinion and the reason for that weight. If the ALJ rejects the
> opinion completely, he must then give specific, legitimate reasons
> for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See,*

*e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

In his decision, the ALJ concluded that Dr. Rizzardi's opinions were entitled to no weight. Accordingly, it is implicit that the ALJ concluded that they were not entitled to controlling weight. The court now turns to the deference and weight the ALJ gave to Dr. Rizzardi's opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

In this case, the ALJ relied upon proper factors to support the conclusion that Dr. Rizzardi's opinions were entitled to no weight. The ALJ properly relied upon the fact that Dr. Rizzardi's opinions were not supported by and were inconsistent with the objective medical evidence in the record, including Plaintiff's own statements and testimony. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4). The ALJ also properly relied upon the fact that Dr. Rizzardi's opinions went to issues reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1)-(3), 416.927(d)(1)-(3).

To the extent that Plaintiff reargues the weight of the evidence before the ALJ on this issue, the court notes that such a tactic is futile on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

7

For these reasons, the court concludes that the ALJ did not err in his treatment of Dr. Rizzardi's opinions.

### B. Dr. Ingebretsen

Plaintiff argues that ALJ erred in his evaluation of the opinions of Dr. Ingebretsen. It is true, as admitted by the Commissioner, that the ALJ did not specifically discuss the factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c) when he evaluated Dr. Ingebretsen's opinion. However, the court concludes that any error the ALJ committed in that regard was harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context). As noted by the Commissioner, the ALJ's RFC assessment was generally consistent with Dr. Ingebretsen's opinions. Consequently, the court cannot say that the ALJ's failure to discuss the weight he assigned to Dr. Ingebretsen's opinions prejudiced Plaintiff. *See, e.g., Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012) (concluding that an ALJ's failure to assign specific weight to a medical opinion was harmless where the RFC assessment was generally consistent with the medical opinion).

### C. Dr. Hardy

Plaintiff argues that the ALJ erred in his treatment of the opinions of Dr. Hardy. The ALJ relied upon proper factors to support the conclusion that Dr. Hardy's opinions were entitled to no weight. The ALJ properly relied upon the fact that the opinions about Plaintiff's physical limitations expressed by Dr. Hardy, who is not a medical doctor, were contradicted by the opinions of Dr. Ingebretsen, who is a specialist in physical medicine. *See* 20 C.F.R. §§

8

404.1527(c)(5), 416.927(c)(5). The ALJ also properly relied upon the fact that Dr. Hardy's opinions were based to an inappropriate degree on Plaintiff's subjective complaints. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *see also White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2002) (concluding that the ALJ reasonably discounted the claimant's treating physician's opinions because they rested heavily on the claimant's subjective complaints as opposed to objective medical evidence). For these reasons, the court concludes that the ALJ did not err in his treatment of Dr. Hardy's opinions.

### D. Recontacting Plaintiff's Treating Provider

In a two-sentence argument, Plaintiff contends that the ALJ erred by failing to recontact Plaintiff's treating provider. Given the cursory and undeveloped nature of this argument, the court declines to consider it. *See, e.g.*, *Keyes-Zachary*, 695 F.3d at 1161 ("[Plaintiff] presents a number of subissues and arguments, many of them poorly developed. [The court] will consider and discuss only those of her contentions that have been adequately briefed for . . . review."); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("The scope of . . . review . . . is limited to the issues the claimant . . . adequately presents on appeal[.]" (final alteration in original) (quotations and citation omitted)).

### II. Plaintiff's Testimony

With respect to Plaintiff's testimony, Plaintiff argues that the ALJ erred (A) in his assessment of Plaintiff's credibility, (B) by failing to discuss Plaintiff's testimony, and (C) by noting that Plaintiff was not getting specialized help with his mental impairments from a psychiatrist or a psychologist.

9

## A. Credibility Assessment

Plaintiff argues that the ALJ erred in his assessment of Plaintiff's credibility. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id*.; *see* 20 C.F.R. §§ 404.1529(c) 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ considered proper factors in reaching his determination that, overall, Plaintiff's testimony about his disabling symptoms was not entirely credible. First, the ALJ properly discussed inconsistencies in Plaintiff's statements and behavior.[14] *See* SSR 96-7p (providing that an ALJ must consider the consistency of a claimant's statements in determining credibility); *see also* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Second, the ALJ properly discussed the fact that Plaintiff's complaints concerning the severity of his symptoms were not supported by evidence in the record.[15] *See* SSR 96-7p (providing that a strong indication of the credibility of a claimant's statements is their consistency with other information in the case record); *see also* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Third, the ALJ properly discussed Plaintiff's daily activities in relation to his testimony about the degree of his limitations.[16] *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *see also* SSR 96-7p. Finally, the ALJ considered Plaintiff's treatment for his various symptoms.[17] *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v); *see also* SSR 96-7p.

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not entirely credible. Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted). Accordingly, the court concludes that the ALJ did not err in his assessment of Plaintiff's credibility.

---

[14] *See* Tr. 19-20.

[15] *See* Tr. 20.

[16] *See* Tr. 18-19.

[17] *See* Tr. 22.

### B. Discussion of Plaintiff's Testimony

In this two-sentence argument, Plaintiff appears to argue that the ALJ was required to discuss Plaintiff's testimony in detail. Given the cursory and undeveloped nature of this argument, the court declines to consider it. *See, e.g.*, *Keyes-Zachary*, 695 F.3d at 1161; *Chambers*, 389 F.3d at 1142.

### C. Specialized Help for Mental Impairments

Plaintiff asserts that the ALJ erred in his credibility assessment by noting that Plaintiff had not received specialized help for his mental impairments counseling, even though Plaintiff did not have medical insurance or financial funding to get such treatment. Plaintiff contends that the ALJ further erred by commenting that the record does not reflect that Plaintiff sought indigent sources for his medical treatment. Plaintiff argues that this violates SSR 96-7p. *See* SSR 96-7p (providing that "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment").

Even if the court were to agree with Plaintiff's argument, the court would conclude that any error committed by the ALJ in that regard was harmless. *See Shinseki*, 556 U.S. at 409; *see also Fischer-Ross*, 431 F.3d at 733-34. As noted above, the ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not entirely credible. Even if the ALJ erred in the manner that Plaintiff has alleged, the other factors the ALJ relied upon would still provide a sufficient basis for upholding his credibility assessment.

### III. Step Two Analysis

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by failing to conclude that certain of Plaintiff's alleged impairments were severe impairments. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]." *Carpeneter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations and citations omitted) (second and third alterations in original). The Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." *Id*.

In this case, the ALJ determined that Plaintiff suffered from several severe impairments.[18] Consequently, the ALJ concluded that Plaintiff could not be denied benefits at step two and proceeded to step three of the sequential evaluation process. Therefore, Plaintiff's argument with respect to the ALJ's step two analysis must fail.

### IV. Step Three Analysis

As indicated above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpart P, Appendix 1 (individually, a "listing" and collectively, the "listings"). At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments."

---

[18] *See* Tr. 14.

*Fischer-Ross*, 431 F.3d at 733. In order to satisfy this burden, a claimant must establish that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085; *see also* 20 C.F.R. §§ 404.1525, 416.925.

Plaintiff argues that the ALJ erred (A) in his analysis of the listings, (B) by failing to consider listing 12.07, and (C) by failing to utilize a medical expert.

### A. Listings Analysis

Plaintiff argues that the ALJ erred in his listings analysis by concluding that Plaintiff has only mild impairments in performing his activities of daily living and social functioning. *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.04(B). The court concludes that the ALJ did not err in that regard. The ALJ relied upon medical evidence in the record and Plaintiff's own statements to conclude that he has only mild impairments in performing his activities of daily living and social functioning.[19] Because there is substantial evidence in the record to support that conclusion, there was no error. *See Lax*, 489 F.3d at 1084 ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." (quotations and citation omitted)).

---

[19] *See* Tr. 15.

14

## B. Listing 12.07

Plaintiff asserts that the ALJ erred by failing to consider listing 12.07 because he was diagnosed with fibromyalgia. Plaintiff does not support this argument with any citation to legal authority or any meaningful argument. As such, the court could decline to consider it. *See, e.g.*, *Keyes-Zachary*, 695 F.3d at 1161; *Chambers*, 389 F.3d at 1142. Nevertheless, even when Plaintiff argument is considered, it fails. In this case, the ALJ considered Plaintiff's fibromyalgia throughout his decision. Consequently, even if the court assumes that the ALJ was required to consider listing 12.07, any error in failing to consider that listing was harmless. *See Murdock v. Astrue*, 458 Fed. App'x 702, 703-04 (10th Cir. 2012) ("A step three error, such as the one in this case, does not automatically require remand. Instead, [the court] must consider whether 'confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review.' If such findings 'conclusively preclude [c]laimant's qualification under the listings at step three' such that 'no reasonable factfinder could conclude otherwise,' then any step three error is harmless." (quoting *Fischer-Ross*, 431 F.3d at 734-35)); *Elkins v. Astrue*, 442 Fed. App'x 406, 407 (10th Cir. 2011) (providing that even if an ALJ's failure to consider a listing was error, it is harmless when the ALJ's findings in other parts of the decision demonstrate that the claimant's alleged disorders were addressed) (citing *Fischer-Ross*, 431 F.3d at 734).

## C. Medical Expert

Plaintiff contends that the ALJ erred by failing to utilize a medical expert. As with several of his other arguments, Plaintiff's first assertion of this argument is not developed in any meaningful way. Instead, Plaintiff makes the bald assertion that the ALJ should have utilized a

medical expert, but provides no explanation about the specific assistance the medical expert could have provided. Plaintiff does reiterate the argument in a later section of his brief, asserting that the ALJ should have referred the case to a medical expert to evaluate certain medical evidence and to review the evidence because some of the physicians did not see certain exhibits.

At the outset, the court notes that the decision whether to call a medical expert is within the ALJ's discretion and is required only in limited circumstances. *See* 20 C.F.R. §§ 404.1527(e)(2)(iii), 416.927(e)(2)(iii); SSR 96-6p; HALLEX § I-2-5-34 (identifying limited circumstances when an ALJ may need to obtain the opinion of a medical expert and three circumstances when the ALJ must obtain such an opinion). Here, the limited circumstances that require calling a medical expert were not present. Consequently, the ALJ was not required to utilize a medical expert, and his failure to do so does not constitute error.

Further, Plaintiff's argument that a medical expert should have reviewed the case because the state agency physicians did not consider certain medical evidence is without merit. State agency physicians review the evidence and may make disability determinations only at the initial and reconsideration levels. *See* 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). An ALJ is not bound by the findings made by state agency physicians. *See* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). However, an ALJ is obligated to consider state agency opinions as opinion evidence. *See* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). In this case, the ALJ complied with the relevant regulations when he considered the state agency physicians' opinions.[20] *See* 20 C.F.R. §§ 404.1527(e), 416.927(e). The ALJ recognized that the physicians were non-examining

---

[20] *See* Tr. 24.

sources and, therefore, their opinions could not receive controlling weight.[21] However, he also recognized that the opinions were accorded some weight where they were consistent with the other conclusions in the record and were entitled to only persuasive weight to the extent the opinions were inconsistent with the medical evidence in the record.[22]

## V. Step Five Analysis

Plaintiff argues that the ALJ erred at step five of the sequential evaluation process (A) in his assessment of Plaintiff's RFC and (B) by relying on the testimony of the vocational expert ("VE").

### A. RFC Assessment

Plaintiff first argues that the ALJ erred by failing to include certain limitations contained in the record and by failing to consider whether Plaintiff had the ability to engage in sustained work activities on a regular and continuing basis. Those arguments fail. To support those arguments, Plaintiff points to selective portions of the record containing certain limitations. However, an ALJ is not required to include every limitation reflected in the record. Instead, it is the ALJ's responsibility to assess Plaintiff's RFC based on all of the record evidence. *See* 20 C.F.R. §§ 404.1546, 416.946; *see also* SSR 96-5. Furthermore, opinions about a claimant's RFC are not dispositive because the determination of Plaintiff's RFC is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2); SSR 96-5; *see also Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."). To the extent that Plaintiff reargues the weight of the

---

[21] *See id.*

[22] *See id.*

evidence before the ALJ on this issue, the court again notes that such a tactic is futile on appeal. *See Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

Next, in a one-sentence argument, Plaintiff contends that the ALJ erred by failing to utilize a medical expert. Given the undeveloped nature of this argument, the court could decline to consider it. *See, e.g.*, *Keyes-Zachary*, 695 F.3d at 1161; *Chambers*, 389 F.3d at 1142. Regardless, Plaintiff's argument fails. The court has already concluded that the ALJ did not err by failing to utilize a medical expert.

Plaintiff also argues that the ALJ erred by failing to include a function-by-function assessment of Plaintiff's RFC. *See* SSR 96-8p. However, Plaintiff fails to demonstrate how engaging in such an analysis would have altered the outcome of the ALJ's RFC assessment. Accordingly, the court concludes that any error committed by the ALJ in that regard was harmless. *See, e.g.*, *Klobas v. Astrue*, No. 08-cv-02324-REB, 2010 U.S. Dist. LEXIS 12841, at *9-10 (D. Colo. Jan. 29, 2010) (unpublished); *see also Shinseki*, 556 U.S. at 409; *Fischer-Ross*, 431 F.3d at 733-34.

### B. VE Testimony

Plaintiff argues that the ALJ erred by relying on the testimony of the VE because it was inconsistent with the Dictionary of Occupational Titles ("DOT"). More specifically, Plaintiff contends that the ALJ limited Plaintiff to "simple, routine work with no fast paced work."[23]

---

[23] Docket no. 16 at 12.

However, as noted by the Commissioner, that does not accurately reflect the hypothetical the ALJ provided to the VE.[24] Accordingly, the court concludes that this argument fails.

Relying on *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), Plaintiff next argues that the jobs cited by the VE are incompatible Plaintiff's RFC because they require a reasoning level that is inconsistent with simple, routine work. In *Hackett*, the Tenth Circuit concluded that the claimant's RFC that included the phrase "'simple and routine work tasks'" was incompatible with jobs requiring a reasoning level of three. *Id*. Because several of the jobs cited by the VE in this case require a reasoning level of three, Plaintiff contends that his RFC is incompatible with those jobs. The court concludes that Plaintiff's reliance on *Hackett* is misplaced. In this case the ALJ provided much more specific limitations in his RFC assessment than those provided in the RFC in *Hackett*.[25] As such, the court concludes that the holding in *Hackett* that Plaintiff relies upon does not support his argument.

In his final argument on this point, Plaintiff contends that the VE testimony was unreliable because the VE had not updated his figures since May 2009. As noted by the Commissioner, the regulations indicate that the DOT is "reliable job information" for a VE to rely upon to determine whether jobs exist in the national economy that a claimant can perform. 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1); *see also* SSR 00-4p. The court notes that Plaintiff fails to support this argument with any legal authority. As such, the court concludes that it fails. The court cannot say that the VE was required to update his figures for his testimony to be substantial evidence upon which the ALJ could rely.

---

[24] *See* Tr. 47-48.

[25] *See id*.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY RECOMMENDED** that the Commissioner's decision in this case be **AFFIRMED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of September, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge