IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFF TAYLOR,<br><br>                Plaintiff,<br><br>v.<br><br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:13-cv-00606-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

On September 5, 2014, Magistrate Judge Paul M. Warner issued a Report and Recommendation ("R&R") recommending that the District Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Plaintiff Jeff Taylor ("Mr. Taylor") objected to the R&R,[2] and the Commissioner filed a reply to Mr. Taylor's objection.[3] For the reasons discussed below, Mr. Taylor's objection is OVERRULED, the R&R is ADOPTED, and the Commissioner's decision denying benefits to Mr. Taylor is AFFIRMED.

---

[1] Report and Recommendation ("R&R") at 20, docket no. 24, filed September 5, 2014.

[2] Plaintiff's Objection to Magistrate Recommendation ("Objection"), docket no. 25, filed September 10, 2014.

[3] Defendant's Reply to Plaintiff's Objctionsto [sic] the Magistrate Judge's Report and Recommendation, docket no. 26, filed September 24, 2014.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Mr. Taylor applied for DIB and SSI, alleging disability beginning May 16, 2010.[4] His application was denied initially and upon reconsideration.[5] Mr. Taylor then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ issued a written decision denying Mr. Taylor's claim.[6] Mr. Taylor appealed the ALJ's decision to the Appeals Council.[7] The Appeals Council denied review.[8] At that point, the ALJ's decision became the final decision of the Commissioner for purposes of judicial review,[9] and Mr. Taylor filed his complaint in this court.[10] The case was referred to Magistrate Judge Warner under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Warner reviewed the ALJ's (i.e., the Commissioner's) decision under a "substantial evidence" standard ,[11] and issued an R&R recommending that the ALJ's decision to deny Mr. Taylor's claim be affirmed.[12] Mr. Taylor objects to the R&R.

## STANDARD OF REVIEW

When an objection to the R&R is filed, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[13] The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence

---

[4] Administrative Record ("Tr.") at 154, docket no. 13, filed September 5, 2013.

[5] *Id.* at 85-87.

[6] *Id.* at 25-26.

[7] *Id.* at 7.

[8] *Id.* at 1.

[9] 20 C.F.R. § 404.981.

[10] Complaint, docket no. 3, filed July 8, 2013.

[11] R&R at 3.

[12] *Id.* at 20.

[13] 28 U.S.C. § 636(b)(1)(C).

or recommit the matter to the magistrate judge with instructions."[14] A court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[15] However, a court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's."[16] "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"[17]

The Tenth Circuit has explained:

The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.[18]

## ANALYSIS

Mr. Taylor makes several arguments in his objection, pointing out alleged errors and omissions with the decisions of the ALJ and the Magistrate Judge. However, Mr. Taylor misapprehends the standard of review. Mr. Taylor must do more than simply point to errors or omissions in the record; he must show that the ALJ's decision was not supported by *substantial evidence*.[19] Mr. Taylor has failed to make that showing here.

Mr. Taylor simply disagrees with the ALJ's decision, and disagrees with the Magistrate Judge's subsequent review of that decision. This objection cannot succeed. While Mr. Taylor may be able to point to items that did not receive as much attention or weight as Mr. Taylor

---

[14] *Id.*

[15] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir.2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)).

[16] *Lax*, 489 F.3d at 1084.

[17] 42 U.S.C. § 405(g).

[18] *Lax*, 489 F.3d at 1084.

[19] *See id.*

prefers, none of Mr. Taylor's stated objections raise any concern that the ALJ's decision was not supported by substantial evidence. Therefore, there is no need to conduct a separate analysis of the Magistrate Judge's decision here. After de novo review, it is evident that the Magistrate Judge's decision is correct, and the ALJ's decision was supported by substantial evidence.

## CONCLUSION AND ORDER

Because the ALJ's decision is supported by substantial evidence, and none of Mr. Taylor's arguments show that the Magistrate Judge's decision was incorrect,

IT IS HEREBY ORDERED that Mr. Taylor's Objection[20] to the R&R is OVERRULED.

IT IS FURTHER ORDERED that the R&R[21] is ADOPTED, and the Commissioner's decision denying benefits is AFFIRMED.

The clerk shall close the case.

Dated March 5, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[20] Plaintiff's Objection to Magistrate's Recommendation, docket no. 25, filed September 10, 2014.

[21] Report and Recommendation, docket no. 24, filed September 5, 2014.